J-A15041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JASON ANDERSON | |
| Appellee | No. 2764 EDA 2014 |

Appeal from the Order Entered May 22, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001233-2014

BEFORE: BOWES, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.: **FILED JULY 21, 2016**

The Commonwealth appeals[1] from the May 22, 2014 order, dismissing a portion of the charges filed against Appellee, Jason Anderson. After careful review, we reverse and remand for further proceedings.

We summarize the procedural history of this case as follows. On February 12, 2014, the Commonwealth filed an information, charging Appellee with one count each of impersonating a public servant, firearms not to be carried without a license, and carrying firearms in public in

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Within its notice of appeal, the Commonwealth certified that the suppression court's order would terminate or substantially handicap its prosecution. **See** Pa.R.A.P. 311(d) (permitting Commonwealth appeal from an interlocutory order if it certifies that the order will terminate or substantially handicap the prosecution).

Philadelphia.[2]  On February 11, 2014, Appellee filed a pre-trial motion to dismiss the impersonating a public servant charge, which he later withdrew. On May 21, 2014, Appellee filed a motion to dismiss the two firearms charges.  Therein, Appellee argued that the Commonwealth failed to establish a *prima facie* case of either firearms offense because Appellee possessed "a valid Act 235[3] certification … [and that Appellee] was coming home from work" at the time of the incident in question.  Appellee's Motion to Quash, 5/21/14, at ¶ 4.  The trial court agreed, and on May 22, 2014, it entered an order granting Appellee's motion and dismissing the two firearms counts.  On June 19, 2014, the Commonwealth filed a timely notice of appeal.[4]

On appeal, the Commonwealth presents one issue for our review.

> Did the [trial] court err in [dismissing] charges under the Uniform Firearms Act based on its erroneous conclusion that certification under "Act 235" is a substitute for a license to carry a firearm?

Commonwealth's Brief at 5.

---

[2] 18 Pa.C.S.A. §§ 4912, 6106(a)(1), and 6108, respectively.

[3] 22 P.S. §§ 41-50.1

[4] Contemporaneously with its notice of appeal, the Commonwealth filed a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), although the trial court did not order it to do so.  The trial court filed its Rule 1925(a) opinion on September 24, 2014.

As this Court recently clarified, whether the Commonwealth presented a *prima facie* case is a pure question of law, which this Court reviews *de novo*, and our scope of review is plenary. **Commonwealth v. Dantzler**, 135 A.3d 1109, 1112 (Pa. Super. 2016) (*en banc*). "To demonstrate that a *prima facie* case exists, the Commonwealth must produce evidence of every material element of the charged offense(s) as well as the defendant's complicity therein." **Id.** We "examin[e] the evidence and reasonable inferences derived therefrom in a light most favorable to the Commonwealth." **Id.** at 1111.

In this case, the Commonwealth charged Appellee with violations of Sections 6106 and 6108, which provide in relevant part as follows.

### § 6106. Firearms not to be carried without a license

**(a) Offense defined.--**

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

(2) A person who is otherwise eligible to possess a valid license under this chapter but carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license and has not committed any other criminal violation commits a misdemeanor of the first degree.

**(b) Exceptions.--**The provisions of subsection (a) shall not apply to:

…

(6) Agents, messengers and other employees of common carriers, banks, or business firms, whose duties require them to protect moneys, valuables and other property in the discharge of such duties.

…

## § 6108. Carrying firearms on public streets or public property in Philadelphia

No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:

(1) such person is licensed to carry a firearm; or

(2) such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

18 Pa.C.S.A. §§ 6106, 6108. Therefore, in order to make out a *prima facie* case for Section 6106, the Commonwealth must provide some evidence "(a) that the weapon was a firearm, (b) that the firearm was unlicensed, and (c) that where the firearm was concealed on or about the person, it was outside his home or place of business." **Commonwealth v. Parker**, 847 A.2d 745, 750 (Pa. Super. 2004) (citation omitted). Likewise, for Section 6108, the Commonwealth must show some evidence that Appellee carried a firearm on a public street or property in the City of Philadelphia. 18 Pa.C.S.A. § 6108. Moreover, our Supreme Court has held that the Commonwealth need not

- 4 -

prove a lack of license for Section 6108. ***Commonwealth v. Bigelow***, 399 A.2d 392, 396 (Pa. 1979).

In this case, the Commonwealth argues that it presented evidence that Appellee possessed a firearm, on a public street in Philadelphia, and that he did not have a license to do so. Commonwealth's Brief at 6-8, 13-16. Detective John Keen testified at the preliminary hearing that Appellee informed him he possessed a ".40 caliber XDM" gun. N.T., 2/5/14, at 33. Appellee also informed Detective Keen that he had this firearm at 100 North Dewey Street in Philadelphia. ***Id.*** at 27. Furthermore, Appellee acknowledged that he did not have a license to carry the same and that he was "presently going through the process to get [his] license to carry." ***Id.*** at 30. The trial court acknowledged this testimony. Trial Court Opinion, 9/24/14, at 1-3. Appellee does not dispute the existence of this testimony either. Appellee's Brief at 1. In our view, that is the end of the inquiry, as a *prima facie* case has been established for both offenses.

However, Appellee's motion and the trial court's opinion concentrated on whether the trial court was correct in concluding that a certificate issued under Act 235 is a license to carry or a substitution for a license to carry within the meaning of the Crimes Code. Briefly, Act 235, known as the Lethal Weapons Training Act, was enacted by the General Assembly "to provide for the education, training and certification of such privately employed agents who, as an incidence to their employment, carry lethal

weapons through a program administered or approved by the Commissioner of the Pennsylvania State Police." 22 P.S. § 42(b). Further, the Act requires "[a]ll privately employed agents … who, as an incidence to their employment, carry a lethal weapon shall be required to attend [a] program established … in accordance with the requirements or regulations established by the commissioner and upon satisfactory completion of such program, shall be entitled to certification by the commissioner." *Id.* § 44(b). Once the person completes said program, he or she is issued a certificate as well as "an appropriate wallet or billfold size copy of the certificate, which shall include a photograph of the individual thereon." *Id.* § 47(b). Each person must "carry his wallet or billfold size certificate on his person as identification during the time when he is on duty or going to and from duty and carrying a lethal weapon." *Id.* § 47(c). This Act 235 certificate lasts for a period of five years. *Id.* § 47(d).

In this case, Appellee has consistently argued that he did not violate either Section 6106 or 6108 because he carries an Act 235 certificate. Appellee's Brief at 2-4. However, a review of Appellee's brief reveals that he presses this argument because he believes he is covered under the exception at Section 6106(b)(6). *Id.* at 4. In his view, because he was going "to and from duty" within the meaning of Act 235, the Commonwealth could not make out a *prima facie* case under Sections 6106 and 6108. *Id.* Our Supreme Court has instructed that the 16 exceptions listed at Section

6106(b) of the Crimes Code "are affirmative defenses, which must be placed in issue by the defendant, and which need not be negated by the prosecutor in its case-in-chief." **Commonwealth v. Lopez**, 565 A.2d 437, 440 (Pa. 1989) (citations omitted); **see also** Commonwealth's Brief at 15 n.4. Appellee's argument pertaining to Act 235 is structured around the premise that he is covered by the affirmative defense at Section 6106(b)(6). **See generally** Appellee's Brief at 4. As an affirmative defense, Section 6106(b)(6) is purely a trial issue, thus, it is inappropriate and premature at this juncture to address what, if any, interaction there is between Section 6106(b)(6) and Act 235. We therefore express no opinion on the question at this time.

The exclusive issue in this case was whether the Commonwealth presented evidence that, if believed by the ultimate finder of fact, would establish "every material element of the charged offense[s.]" **Dantzler**, **supra** at 1112. Because it is not disputed that the Commonwealth accomplished this task, the charges should not have been dismissed at this juncture.

Based on the foregoing, we conclude that the trial court erred when it granted Appellee's motion and dismissed the two firearms charges against him. **See id.** Accordingly, the trial court's May 22, 2014 order is reversed, and the case is remanded for further proceedings, consistent with this memorandum.

Order reversed.  Case remanded.  Jurisdiction relinquished.

Judge Bowes joins the memorandum.

Justice Fitzgerald files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/21/2016